**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| HEIDI L. WILSON AND<br>ALAN G. WILSON,<br>Plaintiffs,<br><br>Vs.<br><br>HOME DEPOT, U.S.A., INC., ALIAS,<br>ABC INC. CORPORATION AND<br>WYNN-HOLT EQUIPMENT CORP.,<br>ALIAS XYZ INC. CORPORATION<br>AND JOHN DOE,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NUMBER 2008-234 S-LDA** |

**DEFENDANT, WYNN-HOLT EQUIPMENT CORP.'S, ANSWER TO PLAINTIFFS' COMPLAINT AND CLAIM FOR JURY TRIAL**

Answering to the plaintiffs, **HEIDI L. WILSON AND ALAN G. WILSON'S,** Complaint, the defendant, **WIN-HOLT EQUIPMENT GROUP** (misnamed in the caption of the plaintiff's Complaint as Wynn-Holt Equipment Corp.), admits, denies and alleges as follows:

**PARTIES**

1. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant denies the allegations contained in this paragraph.

5. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

6. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

7. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

8. The defendant denies the allegation contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

11 The defendant denies the allegations contained in this paragraph.

**COUNT II**

**STRICT LIABILITY (WYNN-HOLT AND JOHN DOE, INC)**

12. The defendant incorporates by reference paragraphs 1-11 as if fully set forth herein.

13. The defendant denies the allegations contained in this paragraph.

14. The defendant denies the allegations contained in this paragraph.

15. The defendant denies the allegations contained in this paragraph.

16. The defendant denies the allegations contained in this paragraph.

17. The defendant denies the allegations contained in this paragraph.

18. The defendant denies the allegations contained in this paragraph.

19. The defendant denies the allegations contained in this paragraph.

**COUNT III**

20. The defendant incorporates by reference paragraphs 1-19 as if fully set forth herein.

21. This paragraph contains conclusions of law; and as such, the defendant is not required to respond. If it is later determined that such a response is necessary, said defendant denies each and every allegation contained in this paragraph.

22. The defendant denies the allegations contained in this paragraph.

23. The defendant denies the allegations contained in this paragraph.

**COUNT IV**

**LOSS OF CONSORTIUM**

24. The defendant incorporates by reference paragraphs 1-24 as if fully set forth herein.

25. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

**FIRST DEFENSE**

The defendant states pursuant to F.R.C.P. 12(b)(6) that the plaintiff fails to state a claim upon which relief can be granted against the defendant.

**SECOND DEFENSE**

And further answering, the defendant states pursuant to F.R.C.P. 12(b)(4) that the process was insufficient.

**THIRD DEFENSE**

And further answering, the defendant states pursuant to F.R.C.P. 12(b)(5) that the service of process was insufficient.

**FOURTH DEFENSE**

And further answering, the defendant states pursuant to F.R.C.P. 12(b)(2) that there is a lack of jurisdiction over the defendant.

**FIFTH DEFENSE**

And further answering, the defendant states that the plaintiff is barred from recovery because this action was not brought within the time specified by the General Laws of this State.

**SIXTH DEFENSE**

And further answering, the defendant states that the negligence of the plaintiff contributed in some degree to the cause of the accident; wherefore, the damages, if any, awarded to the plaintiff should be diminished and reduced in accordance with the law.

**SEVENTH DEFENSE**

And further answering, the defendant states that the intervening act of a third party was the proximate cause of the alleged damage to the plaintiff.

**EIGHTH DEFENSE**

And further answering, the defendant states that the negligent acts or omissions and/or breaches of warranties complained of were committed, if at all, by a third party for whose actions the defendant is not legally responsible.

**NINTH DEFENSE**

And further answering, the defendant states that even if there was a defect in the product attributable to the defendant, which the defendant specifically denies, the plaintiff is barred from recovery because the plaintiff unreasonably proceeded to use the product known to be defective and dangerous, which conduct was the proximate cause of damage to the plaintiff.

**TENTH DEFENSE**

And further answering, the defendant states that if the defendant was in breach of any warranty to the plaintiff, which the defendant expressly denies, then the plaintiff has failed to give the defendant due and seasonable notice of said breach of warranty, to the prejudice of the defendant and the plaintiff is thereby barred from recovery.

**ELEVENTH DEFENSE**

And further answering, the defendant denies that any warranty or fitness for a particular purpose arose as the defendant denies it knew of the particular purpose for which the product was intended to be used by the plaintiff and the defendant further denies that the plaintiffs relied on the defendant, its agents' or servants' skill or judgment in selecting the product.

**TWELFTH DEFENSE**

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, then the plaintiff did not rely on said warranties in the purchase or use of said product.

**THIRTEENTH DEFENSE**

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the product was defect free and conformed with the best technology reasonably available and feasible for use at the time of manufacture and sale.

**FOURTEENTH DEFENSE**

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the plaintiff's injuries are as a result of an unforeseeable misuse of the product.

**FIFTEENTH DEFENSE**

And further answering, the defendant states that there was and is no privity of contract between the defendant and the plaintiff.

**SIXTEENTH DEFENSE**

And further answering, the defendant states that the warranty/warranties alleged by the plaintiff did not arise under any contract with the defendant or any contract alleged or implied.

**SEVENTEENTH DEFENSE**

And further answering, the defendant states that there was and is no consideration for the warranty/warranties alleged by the plaintiff.

**EIGHTEENTH DEFENSE**

And further answering, the defendant states that there is a failure of consideration with respect to the warranty/warranties alleged by the plaintiff.

**NINETEENTH DEFENSE**

And further answering, the defendant states that it denies that it made any warranties of and kind, express or implied, to the plaintiff or to any person, firm or entity from whom the plaintiff is entitled to claim.

**TWENTIETH DEFENSE**

And further answering, the defendant states that the alleged warranty/warranties, express or implied, which the plaintiff alleges were made on behalf of this defendant were void due to a lack of authority to make such warranties, express or implied, on the part of any person, firm or entity making such warranties.

**TWENTY-FIRST DEFENSE**

And further answering, the defendant states that at the time of the alleged injury, the product was not being used for the purpose or in the manner contemplated by the defendant, but for some independent purpose of the plaintiff or for some independent purpose of a third person, firm or entity; wherefore, the recovery of the plaintiff is barred.

**TWENTY-SECOND DEFENSE**

And further answering, the defendant states that any warranties, express or implied, which may have been made by the defendant had expired and were no longer in force and effect at the time of the alleged injury.

**TWENTY-THIRD DEFENSE**

And further answering, the defendant states that the plaintiff is barred from recovery because the machine had been altered or modified by some third person, firm or entity.

**TWENTY-FOURTH DEFENSE**

And further answering, the defendant states that if the defendant gave any warranties, expressed or implied, the terms of any expressed warranty specifically limited the remedies and damages which the purchaser of the product is entitled to recover from the defendant, and the rights of the plaintiff for such recovery are likewise limited.

**TWENTY-FIFTH DEFENSE**

And further answering, the defendant states that any sale of the machine described in the plaintiff's Complaint by this defendant to any person, firm or entity, was made as part of a commercial transaction and any warranties, express or implied, upon which the plaintiff relies were disclaimed by this defendant in the course of said commercial transaction.

**TWENTY-SIXTH DEFENSE**

And further answering, the defendant states that the plaintiff was not to this defendant a foreseeable user of the machine described in the plaintiff's Complaint.

**TWENTY-SEVENTH DEFENSE**

And further answering, the defendant states that at the time of the incident described in the plaintiff's Complaint, the plaintiff was in violation of law, which violation is causally related to the injury sustained by the plaintiff; wherefore, the recovery of the plaintiff is barred.

**TWENTY-EIGHTH DEFENSE**

And further answering, the defendant states that the product, which is the subject matter of the plaintiff's complaint, has been spoliated, altered, lost, or destroyed or is otherwise not in the same condition as it was immediately subsequent to the accident, which is the subject matter of the plaintiff's Complaint; such spoliation, alteration, loss or destruction was solely caused by the plaintiff, his/her agents, servants or employees, or by a third party for whose actions the defendants are not legally responsible all to the great prejudice of the defendant in the defense of the instant matter. Wherefore, the plaintiff's Complaint should be dismissed.

**TWENTY-NINTH DEFENSE**

And further answering, the defendant states that the product, which is the subject matter of the plaintiff's complaint, has been spoliated, altered, lost, or destroyed or is otherwise not in the same condition as it was immediately subsequent to the accident, which is the subject matter of the plaintiff's Complaint; such spoliation, alteration, loss or destruction was solely caused by the plaintiff, his/her agents, servants or employees, or by a third party for whose actions the defendants are not legally

responsible all to the great prejudice of the defendant in the defense of the instant matter. Wherefore, the plaintiff's Complaint should be dismissed.

**THIRTIETH DEFENSE**

And further answering, the defendant states that the plaintiff, Heidi L. Wilson, assumed the risk of her injuries that she sustained, and therefore, the defendant is not liable for her damages.

**THIRTY-FIRST DEFENSE**

And further answering, the defendant states that the plaintiff was not in the exercise of due care, and moreover, her own negligence was the sole and proximate cause of any injuries and/or damages that she may have experienced.

**THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES**

Win-Holt Equipment Group,

By Their Attorney:

Dated: March 29, 2003

**JAMES T. HUGGARD**
Burns & Farrey
446 Main Street
Worcester, MA 01608
Tel.: 508.756.6288
BBO: 546407

**CERTIFICATE OF SERVICE**

I, James T. Huggard, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 5, 2008.

JTH/mm
(41)

**JAMES T. HUGGARD**